UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARTIN CISNEROS,                      )
                                      )
    Plaintiff,                        )
                                      )
      v.                              )    NO.  3:11-0896
                                      )    Judge Haynes/Bryant
METRO TRANSIT AUTHORITY (MTA),  )    **Jury Demand**
et al.,                               )
                                      )
    Defendants.                       )

TO: The Honorable William J. Haynes, Jr.

### REPORT AND RECOMMENDATION

Plaintiff Martin Cisneros has filed his motion to add defendant (Docket Entry No. 19), by which he seeks to amend his complaint to add as a defendant "Supervisor 54," identified in the motion as an employee of defendant Metropolitan Transit Authority ("MTA").  Defendants have filed a response in opposition (Docket Entry No. 20).

Plaintiff Cisneros has filed his complaint under the Americans With Disabilities Act ("ADA") alleging that the defendant MTA and its agent, the driver of bus route 23, wrongfully declined to deploy the disabled ramp on a city bus in order to assist plaintiff in loading his grocery cart (Docket Entry No. 1).

By his present motion, plaintiff seeks to amend his complaint to add a new defendant, "Supervisor 54," who allegedly denied plaintiff access to a MTA bus on November 8, 2011.

Defendant MTA opposes this motion on grounds of futility, since the ADA does not give rise to individual liability to employees or supervisors who do not also meet the statutory definition of "employer."  (Docket Entry No. 20).

The ADA, codified at 42 U.S.C. § 12101 <u>et seq.</u>, in general provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  However, numerous courts have held that the statutory scheme of the ADA imposes liability only on "employers," and not on individual employees or supervisors.  <u>Sagan v. Sumner County Board of Educ.</u>, 726 F.Supp.2d 868, 876-77 (M.D. Tenn. 2010) (citing cases).  Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings should be freely given "when justice so requires," an exception to this liberal standard exists when the proposed amendment would be futile.  <u>Seals v. General Motors Corp.</u>, 546 F.3d 766, 770 (6th Cir. 2008).  Here, the undersigned Magistrate Judge finds that plaintiff's motion for leave to amend his complaint to sue "Supervisor 54" would be futile, because the ADA does not provide for individual liability.  For this reason, the undersigned Magistrate Judge finds that plaintiff's "Motion To Add Defendant" (Docket Entry No. 19) should be denied.

<u>**RECOMMENDATION**</u>

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiff's motion to add defendant (Docket Entry No. 19) should be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and

Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

      **ENTERED** this 26th day of February 2012.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge