UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTIN CISNEROS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:11-0896 |
| ) | Judge Haynes/Bryant |
| METRO TRANSIT AUTHORITY (MTA), ) | **Jury Demand** |
| et al., ) | |
| ) | |
| Defendants. ) | |

TO: The Honorable Chief Judge William J. Haynes, Jr.

### REPORT AND RECOMMENDATION

Pending in this case is the motion for summary judgment on behalf of defendants Metropolitan Transit Authority and MTA Driver/Route 23 (Docket Entry No. 42). Plaintiff Cisneros has responded in opposition (Docket Entry Nos. 63, 64, 65, 66, 67, 68, 69, 70, 71, 72 and 73). Thereafter, the parties have engaged in a prolonged exchange of filings in support of and in opposition to defendants' motion (Docket Entry Nos. 74, 75, 79, 80, 81, 82, 85, 87, 88, 89, 90, 91, 92, 97, 100 and 101).

For the reasons stated below, the undersigned Magistrate Judge RECOMMENDS that defendants' motion for summary judgment be GRANTED and the complaint DISMISSED.

### Statement of the Case

Plaintiff Martin Cisneros, who is proceeding pro se and in forma pauperis, has filed his complaint pursuant to the Americans with Disabilities Act ("ADA") alleging that he has been wrongfully denied the benefits of the services of a public entity because of his disability. 42 U.S.C. § 12132. Specifically,

plaintiff alleges that he is disabled and that on June 19, 2011, the driver of a city bus operated by defendant Metropolitan Transit Authority ("MTA") refused his request to lower the wheelchair ramp to assist in boarding plaintiff's collapsible grocery cart, which was full of food.  Plaintiff claims that in the course of loading his grocery cart with the assistance of another passenger, plaintiff fell, causing personal injuries to him and damage to his cart.

Plaintiff seeks compensatory damages from defendant MTA and the driver of the bus.

Defendants MTA and the driver (who through discovery has been identified as Ms. Casie Coleman) have filed their motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, arguing that there is no genuine dispute as to any material fact and that defendants are entitled to judgment as a matter of law.

## **Standard of Review**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed.R.Civ.P. 56(a); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000).  The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met.  See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing

Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed.R.Civ.P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## Analysis

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. To make out a *prima facie* case under Title II of the ADA, a plaintiff must establish that (1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from participation in, being denied the benefits of, or being subjected

3

to discrimination under the program solely because of his disability.  <u>Dillery v. City of Sandusky</u>, 398 F.3d 562, 567 (6th Cir. 2005) (citing <u>Jones v. City of Monroe</u>, 341 F.3d 474, 477 (6th Cir. 2003)).

Defendants assert that the admissible evidence in this case fails to demonstrate that plaintiff Cisneros suffers from a mobility disability requiring the use of a wheelchair lift or ramp or that plaintiff Cisneros was denied the benefits of services or discriminated against solely because of such disability.

In support of their motion for summary judgment, defendants have attached as exhibits to the affidavit of Earl Rhodes (Docket Entry No. 45-1) six DVDs containing videos taken on MTA buses on various dates (Exhibits A, B, C, D, I and J to the Rhodes affidavit).  These bus videos show plaintiff Cisneros boarding MTA buses on several different dates.  Significantly, none of these videos suggests that plaintiff suffers from any noticeable physical disability that hinders him in boarding the bus normally. Moreover, the bus video dated November 8, 2011 (Exhibit C to the Rhodes affidavit, Docket Entry No. 45-1), shows plaintiff Cisneros boarding the bus carrying on his shoulder what was later identified in his deposition as a 44-pound bag of dog food.  From this evidence, defendants argue that the record fails to demonstrate that plaintiff Cisneros suffers from a mobility impairment that required the deployment of the wheelchair lift or ramp on the date in question.

The bus video of the June 19, 2011, incident that gives rise to this complaint is filed as Exhibit A of the Rhodes

4

affidavit (Docket Entry No. 45-1). This video shows plaintiff Cisneros approaching the entrance to the bus pulling his fully loaded shopping cart. Although the audio portion of this videotape is not altogether clear, plaintiff Cisneros can be heard requesting that the bus driver swing out the wheelchair lift for his shopping cart. The bus driver, Ms. Coleman, can be heard refusing to deploy the wheelchair lift and stating that the lift is not intended for shopping carts. Shortly thereafter, a bus passenger wearing a white shirt can be seen helping plaintiff Cisneros in lifting the loaded shopping cart aboard the bus. Contrary to plaintiff's allegations in the complaint, the bus video fails to show that plaintiff fell or sustained damage to his shopping cart. As the videotape continues, a discussion ensues between plaintiff Cisneros and the bus driver which degenerates into a heated argument over what plaintiff insisted was the driver's obligation to deploy the wheelchair lift upon his request. The undersigned finds that the Court may rely upon this videotape evidence in determining that defendants have carried their burden under Rule 56(c). See Scott v. Harris, 550 U.S. 372, 380-81 (2007).

In addition to their argument that no admissible evidence demonstrates that plaintiff Cisneros was suffering from a mobility disability requiring use of the wheelchair lift, defendants also argue that a shopping cart is not among the devices that transportation providers are generally required to accommodate. Defendants rely upon 49 C.F.R. Part 37, Appendix D, Section 37.3 Definitions. The definition of "wheelchair" under this section states in pertinent part as follows:

5

> Persons with mobility disabilities may use devices other than wheelchairs to assist with locomotion. Canes, crutches, and walkers, for example, are often used by people whose mobility disabilities do not require the use of a wheelchair. These devices must be accommodated on the same basis as wheelchairs. However, the Department does <u>not</u> interpret its rules to require transportation providers to accommodate <u>devices that are not primarily designed or intended to assist persons with mobility disabilities</u> (e.g., skateboards, bicycles, <u>shopping carts</u>), apart from general policies applicable to all passengers who might seek to bring such devices into a vehicle.

(emphasis added.) Defendants here argue that a shopping cart, by regulation, is not a device that is "primarily designed or intended to assist persons with mobility disabilities," and, under the undisputed facts of this case, the bus driver had no duty to deploy the wheelchair lift in order to load plaintiff's burdened shopping cart.

Although this record amply shows that plaintiff Cisneros has filed numerous papers in vigorous opposition to defendants' motion for summary judgment, the record fails to show that he has submitted admissible evidence showing a genuine issue for trial. The undersigned Magistrate Judge finds that the bus videos referenced above, authenticated by the affidavit of Earl Rhodes, contain evidence suggesting that plaintiff does not suffer from a mobility disability requiring accommodation by means of use of a wheelchair lift or ramp. The Supreme Court has held that once a defendant has met the initial burden of showing the absence of a genuine issue of material fact for trial, "the burden shifts to the nonmoving party [to] set forth specific facts showing there is a

6

genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Although there is in this record certain unauthenticated information indicating that plaintiff Cisneros has lost the vision in one eye[1] and may have other physical problems as well,[2] the undersigned Magistrate Judge finds that plaintiff has failed to cite any admissible evidence establishing that on the day of the incident described in the complaint he suffered from a mobility disability that would have required the use of the wheelchair lift or ramp on defendant MTA's bus. In the absence of

---

[1] The record indicates that at the time of the subject incident plaintiff had been issued by MTA a "Special Service Card." A Special Service Card is issued, upon application, to customers who are disabled or who are elderly. (Affidavit of Brenda Miller, Docket Entry No. 47-1). Plaintiff's application for a Special Service Card was supported by a letter dated May 26, 2010, from Chasidy Singleton, M.D., an ophthalmologist, stating that plaintiff Cisneros has effectively no vision in his right eye and 20/25 corrected vision in his left eye (Docket Entry No. 47-2).

[2] Plaintiff Cisneros has filed unauthenticated copies of certain medical records (Docket Entry No. 61-2) indicating that he suffers from diabetes, has had a partial amputation of his great toe on his left foot in 2009, and has certain other physical infirmities. Although he apparently was prescribed the use of a walker postoperatively in 2009 (Docket Entry No. 61-2 at 9), in 2010 he was described as using no assistive device as an aid to walking (Id. at 4). As these documents are neither sworn nor otherwise authenticated, the undersigned finds that these records are inadmissible hearsay.

Plaintiff also has filed a letter dated September 14, 2012, signed by nurse Sandra D. Biner stating that in addition to his vision problems, plaintiff "has a problem with his right leg 'giving out' causing him to fall" (Docket Entry No. 92 at 2). Nurse Biner's letter states that plaintiff "is unable to safely climb stairs because of balance and depth perception problems." This letter is not authenticated nor sworn, nor does it address plaintiff's disabilities on June 19, 2011, the date of the incident giving rise to his complaint. The undersigned finds that this letter is inadmissible hearsay pursuant to Rule 802, Federal Rules of Evidence.

such admissible evidence, the undersigned Magistrate Judge finds that plaintiff Cisneros has failed to demonstrate the existence of a genuine dispute as to a material fact for trial and, therefore, that defendants are entitled to judgment as a matter of law.

In addition, plaintiff seeks to assert a claim against the bus driver on Route 23, who has been identified through discovery as Ms. Casie Coleman. Numerous courts have held, however, that the statutory scheme of the ADA imposes liability, if at all, only on "employers," and not on individual employees or supervisors. <u>Sagan v. Sumner County Board of Educ.</u>, 726 F.Supp.2d 868, 876-77 (M.D. Tenn. 2010) (citing cases). Since the ADA does not provide for individual liability of employees, the undersigned Magistrate Judge finds that there is no genuine issue as to any material fact and that the defendant driver of Route 23 is entitled to judgment as a matter of law.

### **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that defendants' motion for summary judgment (Docket Entry No. 42) be GRANTED and the complaint DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to

said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

      **ENTERED** this 4th day of October 2012.

                                        s/ John S. Bryant
                                        JOHN S. BRYANT
                                        United States Magistrate Judge