UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARTIN CISNEROS )
)
    Plaintiff, )
)
v. ) NO. 3:11-0896
) Judge Haynes/Bryant
METRO TRANSIT AUTHORITY (MTA) )
et al., )
)
    Defendants. )

## MEMORANDUM

Plaintiff, Martin Cisneros, filed this pro se action under the Americans with Disabilities Act ("ADA") against the Defendants Metropolitan Transit Authority and MTA Driver/Route 23. Plaintiff's claims are that he was wrongfully denied services of a bus operated by Defendant Metropolitan Transit Authority ("MTA") because of his disability. Specifically, Plaintiff alleges that on June 19, 2011, the driver of a MTA bus refused his request to lower the wheelchair ramp to assist in Plaintiff's boarding with his collapsible grocery cart, that was full of food. Plaintiff alleges that as he loaded his grocery cart with the assistance of another passenger, Plaintiff fell causing injury to himself and his cart. Plaintiff seeks compensatory damages from Defendant MTA and the driver of the bus.

Before the Court is the Defendants' motion for summary judgment on behalf of Defendants Metropolitan Transit Authority and MTA Driver/Route 23 (Docket Entry No. 42). Plaintiff Cisneros has responded in opposition (Docket Entry Nos. 63, 64, 65, 66, 67, 68, 69, 70, 71, 72 and 73). Thereafter, the parties have engaged in a prolonged exchange of filings in support of and in opposition to defendants' motion (Docket Entry Nos. 74, 75, 79, 80, 81, 82, 85, 87, 88, 89, 90, 91, 92, 97, 100 and 101).

For the reasons set forth below, the Court concludes that the undisputed facts do not establish Plaintiff's disability nor any injuries to Plaintiff on the date at issue. Thus, the Defendant's motion for summary judgment should be granted.

### A. Findings of Fact[1]

Defendants submitted six DVDs videos[2] of MTA buses' trips for the various dates on which Plaintiff was a passenger (Docket Entry No. 45, Rhodes affidavit, Exhibits A, B, C and D). These videos show Plaintiff boarding and exiting MTA buses without any visual or physical difficulty other than maneuvering his shopping cart. The bus video dated November 8, 2011, reflects Plaintiff boarding the MTA bus carrying a large bag. Id. at Exhibit C. The MTA bus driver also lowered the ramp for Plaintiff. Id. at Exhibit D. MTA drivers lower a ramp for loading and exiting by a passenger in a wheel chair. Id.

The bus video of the June 19, 2011, incident that gives rise to this action shows Plaintiff approaching the entrance to the bus pulling his fully loaded shopping cart. Id. at Exhibit A. Although the audio portion of this videotape is unclear, Plaintiff does request the bus driver to swing out the wheelchair lift for his shopping cart. Casie Coleman, the bus driver, refused to deploy the wheelchair lift explaining that the lift is not intended for shopping carts. Shortly thereafter, the video reveals a bus passenger who assists Plaintiff in lifting the loaded shopping cart onto the bus. This video does not show Plaintiff falling nor sustaining damage to his

---

[1]Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Court concludes that there are not any material factual disputes. Thus, this section constitutes finding of facts under Fed.R.Civ.P. 56(d).

[2]The videotape is admissible evidence. See Scott v. Harris, 550 U.S. 372, 380-81 (2007).

shopping cart. As the videotape continues, a heated argument arises between Plaintiff and the bus driver about the driver's obligation to deploy the wheelchair lift upon Plaintiff's request.

At the time of this incident, Plaintiff had a "Special Service Card" that is issued to MTA customers who are disabled or who are elderly. (Docket Entry No. 47-1, Miller Affidavit). Plaintiff's application for this card was supported by a letter dated May 26, 2010, from Chasidy Singleton, M.D., an ophthalmologist, who describes Plaintiff's lack of vision in his right eye, but 20/25 corrected vision in his left eye (Docket Entry No. 47-2). Plaintiff submitted a Social Security Report a year prior to the incident reflecting that Plaintiff "used no assistive device as an aid to walking." (Docket Entry No. 61-2 at 224). Plaintiff submitted some authenticated hospital records, (Docket Entry No. 110-3 at 6) and a nurse's letter dated October 8, 2012, after the incident at issue. The nurse's letter states that Plaintiff "cannot get the cart up the stairs of the bus and is asking that he be allowed to use the ramp when he has groceries in the cart." Id. at 10. From the evidence in this action, Plaintiff has never exhibited **any** physical or visual impairment in accessing MTA buses.

### B. Conclusions of Law

"The very reason of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes on Rule 56, Federal Civil Judicial Procedure and Rules (West Ed. 1989). Moreover, "district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the opposing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Accord, Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

In <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986), the United States Supreme Court explained the nature of a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact.
>
> <u>As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.</u> Factual disputes that are irrelevant or unnecessary will not be counted.

477 U.S. at 247-48 (emphasis in the original and added in part). Earlier the Supreme Court defined a material fact for Rule 56 purposes as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita Electrical Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citations omitted).

A motion for summary judgment is to be considered after adequate time for discovery. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326 (1986). Where there has been a reasonable opportunity for discovery, the party opposing the motion must make an affirmative showing of the need for additional discovery after the filing of a motion for summary judgment. <u>Emmons v. McLaughlin</u>, 874 F.2d 351, 355-57 (6th Cir. 1989). But <u>see</u> <u>Routman v. Automatic Data Processing, Inc.</u>, 873 F.2d 970, 971 (6th Cir. 1989).

There is a certain framework in considering a summary judgment motion as to the required showing of the respective parties as described by the Court in <u>Celotex</u>

4

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. . . . [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

Celotex, 477 U.S. at 323 (emphasis deleted).

As the Court of Appeals explained, "[t]he moving party bears the burden of satisfying Rule 56(c) standards." Martin v. Kelley, 803 F.2d 236, 239, n. 4 (6th Cir. 1986). The moving party's burden is to show "clearly and convincingly" the absence of any genuine issues of material fact. Sims v. Memphis Processors, Inc., 926 F.2d 524, 526 (6th Cir. 1991)(quoting Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986)). "So long as the movant has met its initial burden of 'demonstrating the absence of a genuine issue of material fact,' the nonmoving party then 'must set forth specific facts showing that there is a genuine issue for trial.'" Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989) (quoting Celotex and Rule 56(e)).

Once the moving party meets its initial burden, the Court of Appeals warned that "[t]he respondent must adduce more than a scintilla of evidence to overcome the motion [and]. . . must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)(quoting Liberty Lobby). Moreover, the Court of Appeals explained that

> The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.'

5

Street, 886 F.2d at 1480 (cites omitted). See also <u>Hutt v. Gibson Fiber Glass Products,</u> No. 89-5731 (6th Cir. filed September 19, 1990) ("A court deciding a motion for summary judgment must determine 'whether the evidence presents a sufficient disagreement to require a submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." quoting <u>Liberty Lobby</u>)).

If both parties make their respective showings, the Court then determines if the material factual dispute is genuine, applying the governing law.

> More important for present purposes, <u>summary judgment will not lie if the dispute about a material fact is 'genuine' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party</u>.
>
> * * *
>
> Progressing to the specific issue in this case, we are convinced that <u>the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits</u>. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, <u>the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented</u>. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. <u>The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'</u>

<u>Liberty Lobby</u>, 477 U.S. at 248, 252 (citation omitted and emphasis added).

It is likewise true that:

> [I]n ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. It has been stated that: 'The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute. . . .'

6

Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962) (citation omitted). As the Court of Appeals stated, "[a]ll facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion." Duchon v. Cajon Company, 791 F.2d. 43, 46 (6th Cir. 1986) app. 840 F.2d 16 (6th Cir. 1988) (unpublished opinion) (citation omitted).

The Court of Appeals further explained the District Court's role in evaluating the proof on a summary judgment motion

> A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. Rule 56 contemplates a limited marshalling of evidence by the nonmoving party sufficient to establishing a genuine issue of material fact for trial. This marshalling of evidence, however, does not require the nonmoving party to "designate" facts by citing specific page numbers. Designate means simply "to point out the location of." Webster's Third New InterNational Dictionary (1986).
>
> Of course, the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the nonmoving party relies; but that need for specificity must be balanced against a party's need to be fairly apprised of how much specificity the district court requires. This notice can be adequately accomplished through a local court rule or a pretrial order.

InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) cert. denied 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). In this district, the parties must provide specific references to the proof upon which they rely. See Local Rule 56.01(c) requiring each party to provide a statement of undisputed facts to which the opposing party must respond.

In Street, the Court of Appeals discussed the trilogy of leading Supreme Court decisions, and other authorities on summary judgment and synthesized ten rules in the "new era" on summary judgment motions

7

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing 'the absence of a genuine issue of material fact' as to an essential element of the non-movant's case.

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law.'

6. As on federal directed verdict motions, the 'scintilla rule' applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.

7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the 'old era' in evaluating the respondent's evidence. The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.

Street, 886 F.2d at 1479-80.

The Court has distilled from these collective holdings four issues that are to be addressed upon a motion for summary judgment: (1) has the moving party "clearly and convincingly"

established the absence of material facts?; (2) if so, does the plaintiff present sufficient facts to establish all the elements of the asserted claim or defense?; (3) if factual support is presented by the nonmoving party, are those facts sufficiently plausible to support a jury verdict or judgment under the applicable law?; and (4) are there any genuine factual issues with respect to those material facts under the governing law?

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. To prove a prima facie showing under Title II of the ADA, a plaintiff must establish that (1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of his disability. Dillery v. City of Sandusky, 398 F.3d 562, 567 (6th Cir. 2005).

Defendants assert that the admissible evidence fails to demonstrate that Plaintiff suffers from a mobility disability requiring the use of a wheelchair lift or ramp. Defendants also contend that Plaintiff was denied the benefits of services nor discriminated against solely because of such disability. Defendants further rely upon 49 C.F.R. Part 37, Appendix D, Section 37.3 Definitions, defining "wheelchair" that states, in pertinent part, as follows:

> Persons with mobility disabilities may use devices other than wheelchairs to assist with locomotion. Canes, crutches, and walkers, for example, are often used by people whose mobility disabilities do not require the use of a wheelchair. These devices must be accommodated on the same basis as wheelchairs. However, the **Department does not interpret its rules to require transportation providers to accommodate devices that are not primarily designed or intended to assist persons with mobility disabilities (e.g.,** skateboards, bicycles, **shopping carts),** apart from general policies applicable to all passengers who might seek to bring such devices into a vehicle.

9

(emphasis added). Thus, under the undisputed facts, the MTA bus driver did not owe a duty to deploy the wheelchair lift to enable Plaintiff to load his shopping cart.

The undisputed facts established by the videos reflect Plaintiff's clear ability to board the MTA bus without assistance or accommodation. Once a defendant meets its initial burden of showing the absence of a genuine issue of material fact, "the burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 250. Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. Celotex Corp., 477 U.S. at 324. Plaintiff's unauthenticated information exhibits reflect Plaintiff's loss of vision in one eye and other physical problems,[3] but the undisputed facts about the day of the incident at issue, does show that Plaintiff did not suffer any mobility disability requiring the use of the wheelchair lift or ramp to access MTA buses nor injury in accessing the MTA buses. Moreover, under the ADA regulation, quoted supra, a shopping cart is not a device that is "primarily designed or intended to assist persons with mobility disabilities."

As to Plaintiff's claim against Coleman, the MTA bus driver, ADA liability attaches, only on "employers," not individual employees or supervisors. Sagan v. Sumner County Board of Educ., 726 F.Supp.2d 868, 876-77 (M.D. Tenn. 2010) (citing cases).

---

[3] Plaintiff Cisneros has filed unauthenticated copies of certain medical records (Docket Entry No. 61-2) indicating that he suffers from diabetes, has had a partial amputation of his great toe on his left foot in 2009, and has certain other physical infirmities. Although he apparently was prescribed the use of a walker postoperatively in 2009 (Docket Entry No. 61-2 at 9), in 2010 he was described as using no assistive device as an aid to walking (Id. at 4). As these documents are neither sworn nor otherwise authenticated, these records are inadmissible hearsay.

10

For these reasons, the Court concludes that the Defendants' motion for summary judgment should be granted. Based upon the undisputed video evidence, the Court finds that Plaintiff's pursuit of this action is malicious under 28 U.S.C. § 1915(d).

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the 20th day of February, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARTIN CISNEROS            )
                           )
    Plaintiff,             )
                           )
v.                         )        NO. 3:11-0896
                           )        Judge Haynes/Bryant
METRO TRANSIT AUTHORITY (MTA) )
et al.,                    )
                           )
    Defendants.            )

# ORDER

In accordance with the Memorandum filed herewith, the Defendants Metropolitan Transit Authority and MTA Driver/Route 23 motion for summary judgment (Docket Entry No. 42) is **GRANTED** and this action is **DISMISSED with prejudice**. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3). The Court **AWARDS** the Defendants their costs in this action, subject to Plaintiff's ability to pay.

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 20th day of February, 2013.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court