# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARTIN CISNEROS, ) | |
| ) | |
| Plaintiff, ) | No. 3:11-cv-0896 |
| ) | Chief Judge Haynes |
| v. ) | |
| ) | |
| METRO TRANSIT AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' motion to dismiss Plaintiff's appeal to the Sixth Circuit for failure to prosecute and willful misconduct by Plaintiff. (Docket Entry No. 179). In response, Plaintiff filed a motion to have Docket Entry Number 179 stricken from the record. (Docket Entry No. 181).

On February 20, 2013, the Court granted Defendants' motion for summary judgement, dismissing Plaintiff's action with prejudice, and certified that any appeal would not be in good faith as required by 28 U.S.C. § 1915(a)(3). (Docket Entry No. 155). Plaintiff filed a notice of appeal (Docket Entry No. 164) and an application to proceed in forma pauperis on appeal. (Docket Entry No. 165). On March 19, 2013, the Court denied Plaintiff's application to proceed in forma pauperis and granted Plaintiff thirty (30) days to submit the full appellate filing fee of four hundred fifty five dollars ($455) to the Clerk of this Court. (Docket Entry No. 168). On April 5, 2013, Plaintiff filed a motion for pauper status in the Sixth Circuit Court of Appeals. (Docket Entry No. 179, attachment thereto, Exhibit 2, at 1).

An individual may move for pauper status before the court of appeals by complying with the procedures set forth in Fed. R. App. P. 24(a). If the district court denies the individual leave to proceed in forma pauperis on appeal, the individual may file a motion with the court of appeals to proceed in

forma pauperis on appeal. Fed. R. App. P. 24(a)(5). "If the individual does not file a motion within thirty days of receiving notice of the district court's decision as required by Rule 24(a)(5), or fails to pay the required fee within the same time period, the appeal will be dismissed for want of prosecution." Callihan v. Schneider, 178 F.3d. 800, 804 (6th Cir. 1999).

As a general rule, the "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam)).

Therefore, the Court concludes it lacks jurisdiction to decide these motions. Accordingly, Defendants' motion to dismiss Plaintiff's appeal (Docket Entry No. 179) is **DENIED,** and Plaintiff's motion to strike (Docket Entry No. 181) is **DENIED as moot**.

It is so **ORDERED**.

ENTERED this the ___ day of July, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

2